IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

JAMES M. SHAW,
    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,
    Defendant.

Case No. 4:17-cv-04099-SLD-JEH

## Report and Recommendation

On April, 6, 2017, the Plaintiff, James M. Shaw, proceeding *pro se*, filed a rambling, nearly incoherent Complaint (D. 1)[1]. The Defendant Commissioner of Social Security has filed a motion to dismiss that Complaint (D. 11) under Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint fails to make any allegations showing the Plaintiff is entitled to relief. The Plaintiff did not respond to the Defendant's motion.

This Court agrees that the Complaint in this case fails to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8 requires that a Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Here, the Complaint is so incoherent as to make it impossible for this Court to discern any claim whatsoever. Although the Plaintiff does state that he has "been discriminated against by the SSA," the Complaint alleges no facts which could support this assertion, even viewing them in the light most favorable to the Plaintiff. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (all well-pleaded allegations of the complaint are to be taken as true and viewed

---

[1] Citations to documents filed in this case are abbreviated as "(D. __)."

in the light most favorable to the plaintiff). Rather, the Complaint appears to be a generalized plea for help from the Court—certainly not something the Defendant is capable of answering in its current form. Accordingly, the undersigned recommends that the Complaint be dismissed without prejudice. *See U.S. ex rel. Lu v. Ou*, 368 F. 3d 773, 776 (7th Cir. 2004), abrogated on other grounds by *U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 931-32 (2009) (affirming the dismissal of a complaint without prejudice because it was "incoherent, even crazy"). The undersigned also recommends that the Plaintiff be given fourteen (14) days to file an amended complaint which complies with Federal Rule of Civil Procedure 8 and, if he fails to do so, convert the dismissal to one with prejudice.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) days after service of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

*It is so recommended.*

Entered on 9/7/2017

s/Jonathan E. Hawley
U.S. Magistrate Judge