UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JAMES M. SHAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:17-cv-04099-SLD-JEH |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

ORDER

Before the Court is Defendant's motion to dismiss, ECF No. 11, and the Magistrate Judge's Report and Recommendation recommending that the motion to dismiss be granted and that Plaintiff's case be dismissed without prejudice, ECF No. 14. For the following reasons, the Report and Recommendation is ADOPTED, Defendant's motion to dismiss is GRANTED, and Plaintiff's case is DISMISSED WITHOUT PREJUDICE.

On April 6, 2017, Plaintiff Shaw, proceeding pro se, filed a Complaint alleging he had "been discriminated against by SSA." Report and Recommendation (hereafter "R&R") 1. Shaw further alleges: "S.S. ripped me off claim I'm not disabled." Compl. 19, ECF No. 1. Defendant Commissioner of Social Security filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) arguing that the Complaint fails to make any allegations showing Plaintiff is entitled to relief. ECF No. 11. Plaintiff did not respond to Defendant's motion to dismiss.

The Magistrate Judge concluded that Plaintiff's Complaint fails to state a claim upon which relief can be granted. R&R 1. The Complaint does not allege facts in support of Plaintiff's allegations, even when viewed in the light most favorable to Plaintiff. R&R 1. The Magistrate Judge recommended that the Complaint be dismissed without prejudice. *Id.* at 2. The

Magistrate Judge also recommended that Plaintiff be given fourteen days to file an amended complaint that complies with Federal Rule of Civil Procedure 8 and, if he fails to do so, the dismissal be converted to one with prejudice.  *Id.*  Neither party filed an objection to the Report and Recommendation within fourteen days.  *See* Fed. R. Civ P. 72(b)(2).

The Court may accept, reject, or modify the findings or recommendations of the Magistrate Judge in a report and recommendation.  Fed. R. Civ. P. 72(b)(3).  The Court must review de novo the portions of the report to which objections are made.  *Id.*  The Court reviews all other portions of the report for clear error.  *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In reviewing Defendant's motion to dismiss, the Magistrate Judge's role was to evaluate the sufficiency of the allegations in Plaintiff's complaint.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks omitted).  The claim must be facially plausible: the factual allegations must allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint need not "allege all, or any, of the facts logically entailed by the claim." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)) (quotation marks omitted) (italics omitted).  "[A]ll well-pleaded allegations of the complaint [are taken] as true and view[ed] . . . in the light most favorable to the plaintiff." *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000).

The Court finds that the Magistrate Judge's Report and Recommendation does not contain clear error. *See Zema*, 170 F.3d at 739. After careful and independent review, the Court concurs with the recommendation of the Magistrate Judge for the reasons set forth in his Report and Recommendation. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009) ("If no party objects to the magistrate judge's action, the district judge may simply accept it."). If Plaintiff is seeking to appeal a decision by the Social Security Administration, Plaintiff's complaint was insufficient because it did not identify the decision being appealed, assert that he has exhausted his administrative remedies, or demonstrate that he has timely sought judicial review.[1]

Accordingly, the Report and Recommendation of the Magistrate Judge, ECF No. 14, is ADOPTED. Defendant's Motion to Dismiss, ECF No. 11, is GRANTED. Plaintiff's case is hereby DISMISSED WITHOUT PREJUDICE. Plaintiff is given leave to file an amended complaint within fourteen days of the entry of this order. Should he fail to do so, Plaintiff's case will be dismissed with prejudice. Accordingly, the Court finds as moot Plaintiff's motion for status, ECF No. 17.

Entered this 30th day of November, 2017.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff filed a slew of documents that possibly indicate Plaintiff's application for benefits was denied. ECF No. 16. This deluge does not satisfy the requirements of a complaint.